**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WILLIAM NORKUNAS,<br><br>Plaintiff,<br><br>v.<br><br>SANDEEP PARTNERS, LLC, et. al.,<br><br>Defendants. | Civil Action<br>No. 17-12089-PBS |

**MEMORANDUM AND ORDER**

June 5, 2018

Saris, C.J.

**INTRODUCTION**

Plaintiff William Norkunas brings this action alleging that the Comfort Inn in Randolph, Massachusetts, violates Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., ("ADA"). Defendants Sandeep Partners, LLC, Jiten Hotel Management, Inc., and Jiten Holdings, Inc., which own and operate the hotel, have moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim for which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

After hearing, the Court **DENIES** Defendants' Motion to Dismiss (Dkt. No. 10).

## FACTUAL BACKGROUND

The complaint alleges the following facts.

Plaintiff, who had polio as a child, ambulates with the assistance of a full-length left leg brace, as well as a cane, scooter, or wheelchair. Compl. ¶ 1. Although he currently lives out of state, Plaintiff grew up in Massachusetts and returns often to visit relatives and his late wife's grave. See Compl. ¶ 2. He also comes to Massachusetts regularly in his capacity as a disability-rights advocate and ADA compliance "tester." See Compl. ¶¶ 2, 17.

On an unspecified date, Plaintiff visited the Comfort Inn, where he "personally observed or encountered" at least twelve ADA violations, "which were confirmed by Plaintiff's ADA expert." Compl. ¶¶ 20-21.[1] Plaintiff alleges he personally

[1] Specifically, Plaintiff alleges the following ADA violations:

1. Accessible features, when present, are not adequately dispersed among different classes of guest rooms;
2. No accessible route through exercise area and no accessible surface in front of ATM;
3. No accessible knee clearance at computer work station;
4. No accessible tables in the dining area;
5. No required latch side clearance on doors;
6. Items in "accessible" guest rooms are not reachable from a wheelchair;
7. No accessible toilet in guest bathroom;
8. Shower controls are too high to be accessible;
9. No secured seats in "accessible" guest rooms' bathtubs;
10. No folding seats in "accessible" guest rooms' roll-in showers;
11. No written policy to appropriately provide service to individuals with disabilities; and

suffered “frustration and humiliation,” as well as an infringement of his “right to travel free of discrimination,” as a result. Compl. ¶ 19. Because of the alleged violations, he has no reservations or concrete plans to patronize the Hotel, but has stated his intent to return once the facility is brought into compliance with the ADA. Compl. ¶¶ 13, 16.

In addition to these facts alleged in the complaint, Plaintiff asserts in an affidavit that: (1) he stayed overnight at the Hotel on at least three occasions, most recently on June 30, 2017; (2) he comes to Massachusetts to visit family members, who live in nearby Brockton and Lowell; (3) he “personally encountered” the architectural barriers listed in the complaint; and (4) he plans to visit the hotel once those barriers are removed. Norkunas Aff. ¶¶ 3-5.

## DISCUSSION

### I. Rule 12(b)(1): Standing

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), asserting that Plaintiff does not have standing to bring a Title III claim under the ADA.

---

12. If there is such a policy, it is not adhered to, as evidenced by the desk clerk requiring Plaintiff to check in at a higher counter section from his scooter, despite the availability of a lower, accessible counter section. Compl. ¶ 20(a-l).

Rule 12(b)(1) motions ask a court to dismiss a case for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Standing is among the requirements of subject-matter jurisdiction, and lack of standing may lead to dismissal under Rule 12(b)(1). See Van Wagner Boston, LLC v. Davey, 770 F.3d 33, 36 (1st Cir. 2014). The party asserting jurisdiction bears the burden of pleading sufficient factual matter to plausibly demonstrate that he has standing to sue. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). The "irreducible constitutional minimum of standing" has three elements: (1) injury in fact; (2) causation; and (3) redressability. Id. at 560–61. An injury in fact must be both "concrete and particularized" and "actual or imminent." Id. at 560 (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)).

A plaintiff bringing a claim under Title III of the ADA "must 'show a real and immediate threat that a particular (illegal) barrier will cause future harm.'" Disabled Ams. for Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir. 2005) (quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir. 2003)). Accordingly, a person with a disability "who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA" and is also "threatened with harm in the future because of existing or imminently threatened noncompliance with the ADA"

has established an injury in fact. Id. (quoting Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir. 2002)). Showing a risk of future harm is essential because, in general, injunctive relief requires “continuing, present adverse effects” and cannot be shown by mere “[p]ast exposure to illegal conduct.” O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974). Even so, a plaintiff with a disability need not engage in a “futile gesture” to access noncompliant facilities just to establish standing. Disabled Ams., 405 F.3d at 65 n.7; accord 42 U.S.C. § 12188(a)(1) (“Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this subchapter does not intend to comply with its provisions.”).

Mr. Norkunas has sufficiently alleged his concrete and particularized injury. Each of the alleged violations could plausibly deny full and equal enjoyment to someone with limited mobility, like Mr. Norkunas -- e.g., he uses a scooter to ambulate, and there is no clear surface leading to the ATM machine. See Compl. ¶¶ 1, 20(b). And no accessible toilet or shower controls in the guest room would certainly make it uncomfortable in the Comfort Inn.

But Defendants insist that there is not sufficient likelihood that Plaintiff will return to the Comfort Inn in the future because: (1) he does not have definite plans to return;

(2) he does not have a "need or desire" to return to Randolph, Massachusetts; and (3) his status as a tester undercuts the sincerity of his stated intention to return.

In ADA public accommodation cases, courts generally consider four factors in determining whether future harm is imminent: "(1) the proximity of the plaintiff's residence to the place of public accommodation, (2) [the] plaintiff's past patronage of the establishment, (3) the definiteness of the plan to return, and (4) the plaintiff's frequency of travel near the business." Norkunas v. HPT Cambridge, LLC, 969 F. Supp. 2d 184, 192 (D. Mass. 2013). With respect to hotels, the relevant inquiry is, instead, whether "this disabled individual [is] likely to need to stay in a hotel in the area where this hotel is located in the future." Id.

Plaintiff makes a plausible showing on at least three of these four factors. Plaintiff sometimes comes to Massachusetts to visit family in Brockton, which is nearby the hotel. He has stayed at the Randolph Comfort Inn at least three times, Norkunas Aff. ¶ 3, and he comes to the Commonwealth "regularly," and for a variety of personal and business reasons, Compl. ¶ 2.

Finally, courts in this district have routinely rejected the argument that a tester lacks standing. See HPT Cambridge, 969 F. Supp. 2d at 193-94; Marradi v. K&W Realty Inv. LLC, 212 F. Supp. 3d 239, 244 (D. Mass. 2016).

Defendants' motion to dismiss for lack of standing is **DENIED**.

## II. Rule 12(b)(6): Ready Achievability of Barrier Removal

In analyzing a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted," the Court accepts all well-pleaded facts in the complaint as true and draws reasonable inferences in favor of the plaintiff. Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). However, the Court does not presume the truth of conclusory allegations or "bare assertions" of law. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).

Facilities constructed on or after January 26, 1993, or altered on or after January 26, 1992, must be "readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 36.401(a)(1); 28 C.F.R. § 36.402(a)(1). In contrast, older, unaltered structures, are only required to "remove architectural barriers . . . where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304(a); see also 42 U.S.C. § 12182(b)(2)(A)(iv).

Although the pleadings do not state when the hotel was built, remedying most of the allegedly illegal barriers appears readily achievable, i.e., rearranging exercise equipment, acquiring a higher computer desk, installing folding shower

seats, etc. Whether or not creating an accessible toilet is readily achievable is a closer question better flushed out at summary judgment.

**ORDER**

Defendants' motion to dismiss is **DENIED** (Dkt. No. 10).

/s/ Patti B. Saris
Hon. Patti B. Saris
Chief U.S. District Judge